

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2162 | **DATE** | 4/3/2003 |
| **CASE TITLE** | Joyce Ware vs. Cole Taylor Bank et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff Joyce Ware filed a complaint alleging libel by defendants arising from a mortgage foreclosure suit filed in the Circuit Court of Cook County. Along with the complaint, she filed a petition to proceed in forma pauperis. For the following reasons, plaintiff's petition is denied and her complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 03 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 6 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 APR -3 PM 2:16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOYCE WARE, )
)
Plaintiff, )
)
vs. ) No. 03 C 2162
)
COLE TAYLOR BANK, et al., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Plaintiff Joyce Ware filed a complaint alleging libel by defendants arising from a mortgage foreclosure suit filed in the Circuit Court of Cook County. Along with the complaint, she filed a petition to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is denied and her complaint is dismissed.

As part of the initial review of a petition to proceed *in forma pauperis*, we conduct an initial review of the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). We review the claim using the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). Pursuant to Rule 12(b)(6), we dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties should "be liberally construed and not held to the stringent standards expected of pleadings drafted

by lawyers." McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

Plaintiff describes her case as removal of a state court action. On December 23, 2002, Judge Nancy Arnold entered summary judgment for plaintiff Cole Taylor Bank against Ware and other defendants. Plaintiff now appears to claim that this previous lawsuit was improperly decided because the plaintiffs in that suit had insufficient evidence to foreclose against her and that their prosecution of the foreclosure suit libeled her. To the extent that Ware asks us to review the determinations made by the court in the state court suit, we are barred from doing so by the Rooker-Feldman doctrine. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). We cannot grant a removal notice in order to basically serve as a state appellate court.

We cannot find any other claim in plaintiff's complaint that would satisfy the requirements of Rule 8. If plaintiff claims that her civil rights were violated by the earlier decision, we are again precluded from reviewing the decision by the Rooker-Feldman doctrine. Plaintiff cannot prevail on a libel claim based on the earlier litigation because defendants are immune from civil suit for statements made that are pertinent to the litigation. Medow v. Flavin, 782 N.E.2d 733, 744, 270 Ill. Dec. 174, 185 (Ill. App. 1st Dist. 2002). The complaint and exhibits do not provide any notice to defendants as to plaintiff's claims.

We finally note that we likely do not have subject matter jurisdiction over the claim. Plaintiff states that we have diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the defendants (at least some of them) are residents of Illinois and she is not a resident of the United States. In order to make this possible, plaintiff has attempted to relinquish her United States citizenship by sending a letter to the President. For purposes of § 1332, a party is

considered a citizen of the state of her domicile. *See* Galva Foundry Co. v. Heiden, 924 F.2d 729, 729-30 (7th Cir. 1991). A party generally must move to and plan on remaining in a new state in order to become a citizen for purposes of diversity jurisdiction and not simply use citizenship to manufacture diversity. *See* Sadat v. Mertes, 615 F.2d 1176, 1180-81 (7th Cir. 1980). In other words, even if plaintiff is able to state a claim against these defendants, we will likely be unable to hear this case.

For the foregoing reasons, plaintiff's petition to proceed *in forma pauperis* is denied and her complaint is dismissed.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 3, 2003.